U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC - 1 2005

ROBERT H. SHEMWELL, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UTOPIA ENTERTAINMENT, ET AL.                    CIVIL ACTION NO. 03-1355

versus                                          JUDGE S. MAURICE HICKS, JR.

CLAIBORNE PARISH, ET AL.                         MAGISTRATE JUDGE HAYES

## MEMORANDUM ORDER

Before the Court is defendant LaSalle Management Company, L.L.C's Motion for Summary Judgment [Doc. No. 107]. LaSalle contends that: (1) Utopia has limited itself to statutory damages; and (2) Utopia is not entitled to statutory damages pursuant to the Copyright Act. Utopia has conceded that it does not have a claim for statutory damages. [Plaintiffs' Post Hearing Memorandum on All Outstanding Issues, Doc. No. 197, p. 2]. However, Utopia claims it can still pursue actual damages.

This case was filed on July 18, 2003. The original complaint only requested statutory damages. [Doc. No. 1] Furthermore, during discovery the plaintiff stated that it was only seeking statutory damages. However, due to the circumstances of this case, including whether Bo Fain would remain a defendant, a scheduling order was never entered in this case. There has never been a trial date or a discovery deadline. The class certification hearing was deferred pending the resolutions of the motions for summary judgment.

On August 8, 2005, the magistrate judge granted the joinder of additional parties. The Court affirmed the joinder ruling on November 18, 2005. [Doc. No. 201]. In the same order, the Court granted Plaintiffs' motion to file its "Third Amending and Supplemental Complaint" which alleges both actual and statutory damages.

The Copyright Act provides plaintiffs with either actual or statutory damages. 17 U.S.C. § 504. The election of remedies is the plaintiff's choice. Section 504(b) states that the election of statutory damages may be made at anytime before judgment. LaSalle argues that the complaint and discovery responses constitute an irrevocable election. LaSalle follows that Utopia should not be allowed to change its election at this time. Utopia contends that it may change its election at anytime before judgment.

The Court finds that Utopia may change and, in fact, has changed its election with the Court's permission in its Third Amending and Supplemental Complaint. Defendant has not cited any jurisprudence that would prevent Utopia from changing its election. Through independent research, the Court also did not find any jurisprudence that would prevent an election change at this procedural posture. The Court distinguishes this procedural posture from a case with a scheduling order in place. If a scheduling order had been filed, the time for joinder and/or adding new claims would likely have passed by this time. However, there are no such deadlines in this case.

Therefore, the Court finds that summary judgment in favor of LaSalle shall be granted as to Utopia's statutory damages claim. The Court also finds that Utopia may still pursue actual damages.

Therefore:

**IT IS ORDERED** that LaSalle Management Company, L.L.C 's Motion for Summary Judgment [Doc. No. 107] shall be **GRANTED** in part and **DENIED** in part.

Shreveport, Louisiana, this 1st day of December, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE