**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UTOPIA ENTERTAINMENT, INC., ET AL | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH, ET AL | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a Motion for Class Certification filed by plaintiff, Utopia Entertainment, Inc. ("Utopia"). (Record Document No. 102). This matter was referred to Magistrate Judge Hayes for report and recommendation.

The Court has thoroughly reviewed both the Report and Recommendation of the Magistrate Judge (Record Document No. 256) and the written objections filed by all parties. The Court took special note of the objections relating to the Magistrate Judge's ruling on the issue of adequacy of representation, the fourth requirement of Rule 23(a).

Even in light of the written objections, the Court agrees with the Magistrate Judge's finding that "Plaintiffs' counsel are zealous and competent" representative counsel for the class. See Record Document 256 at 11. The Court took a closer look at the Magistrate Judge's ruling as to the second requirement of the adequacy inquiry – the willingness and ability of the representatives to take an active role in and control the litigation and to protect the interests of absentees. See Stirman v. Exxon Corp., 280 F.3d 554, 563 (5th Cir. 2002). Multiple defendants objected to the Magistrate Judge's finding "that, if a class were to be certified, Par-La would make an adequate class representative." See Record Document 256 at 14. Defendants note that Eric Johnson ("Johnson"), the owner of Par-La, has twice been convicted of distribution of narcotics within the last ten (10) years and that such felony convictions prevent him from serving as a trustworthy fiduciary to absent class members.

Defendants have cited persuasive case law to support their contention. Namely, Defendants rely on Xianglin SHI v. Sina Corporation, No. 05 Civ 2154 (NRB), 2005 WL 1561438, at *4 (S.D.N.Y. July 1, 2005), for the principle that "numerous courts have rejected the appointment of convicted felons as class representatives." This Court closely reviewed Xianglin SHI and notes the court's full statement concerning convicted felons serving as class representatives:

> A class representative, once designated by the Court, is a fiduciary for the absent class members. Honesty and trustworthiness are thus relevant factors in determining and individual's ability to serve as a class representative. As such, convictions of fraud or other forms of dishonesty undermine the qualifications of a potential class representative. For this reason, numerous courts have rejected the appointment of convicted felons as class representatives.

Xianglin SHI, 2005 WL 1561438, at *4. Under the reasoning of Xianglin SHI, Johnson's felony convictions do not *necessarily* preclude him from serving as the class representative in this case, as his felony convictions are for distribution of narcotics and not fraud or other crimes involving dishonesty. However, this Court is not prepared to hold that a twice convicted drug distribution felon is an appropriate class representative. Such a pattern of illicit conduct clearly indicates a person who does not meet the qualifications for a class representative: Johnson is simply not a trustworthy fiduciary. Thus, if a class were to be certified in this case, Par-La is **not** an appropriate class representative.

In its objections to the Report and Recommendation of the Magistrate Judge, Utopia argues that the Magistrate Judge was incorrect in finding that Warren Cotton ("Cotton"), the CEO and president of Ceiba, was not an appropriate class representative. See Record Document 280 at 1. This Court disagrees and finds that the Magistrate Judge's analysis as to Cotton's potential conflict is correct. The fact that Cotton voluntarily donated the

compact disc containing "The Palmers, We've Got to Choose" to the Claiborne Detention Center does, at the very least, raise a colorable defense of consent or fair use. Thus, Cotton is not an adequate class representative. See Record Document 256 at 12-13.

Accordingly;

This Court has considered the Report and Recommendation of the Magistrate Judge and the written objections thereto filed with this Court. After a *de novo* review of the record, this Court finds the Magistrate Judge's Report and Recommendation is correct, except for the Court's finding as to the fourth requirement of Rule 23(a). This Court holds that if a class were to be certified in this case, there is no adequate class representative. In all other respects, the Magistrate Judge's Report and Recommendation is correct.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Plaintiffs' Motion for Class Certification (Record Document No. 102) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 6th day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE