# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| UTOPIA ENTERTAINMENT, ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a "Motion For Stay Of Proceedings And/Or For Permission To Appeal And For A Finding That Necessary Conditions Are Met" filed by Plaintiffs. (Record Document 293). The motion for stay is in reference to this Court's March 6, 2006 Memorandum Order denying Plaintiffs' Motion for Class Certification. (Record Document 292).

"As a general rule, an order denying a class action that simply strikes the class allegations and permits the individual case to proceed is not appealable." Jones v. Diamond, 519 F.2d 1090, 1095 (5th Cir. 1975) (citations omitted); see also Ballas v. Symm, 494 F.2d 1167, 1169 (5th Cir. 1974) (stating that "the denial of the class action would normally not be reviewable by an interlocutory appeal") and LaMarche v. Sunbeam Television Corporation, 446 F.2d 880 (5 Cir. 1971). There are two exceptions to this general rule: (1) "where the denial of the [class certification] virtually sounds the 'death knell' to the litigation because the claims of the individual class members are so small that no one person would pursue the suit alone" and (2) where the "substantial effect" of denying class certification "narrow[s] considerably the scope of any possible injunctive relief in the event plaintiff ultimately prevail on the merits." Jones, 519 F.2d at 1095 (citations omitted).

Given the facts of the instant case, the Court finds that Plaintiffs have failed to demonstrate that they fall within the aforementioned exceptions to the general rule that an order denying a class action that simply strikes the class allegations and permits the individual case to proceed is not appealable. The record evinces that this litigation will proceed despite the denial of class certification; thus, the "death knell" exception does not apply. As to the second exception, this Court does not believe that the heart of Plaintiffs' prayer is injunctive relief, as Plaintiffs also seek damages. See id. Further, the practical result of the order denying class certification was to deny the requested injunctive relief. See id. at 1096.

Based on the foregoing, the "Motion For Stay Of Proceedings And/Or For Permission To Appeal And For A Finding That Necessary Conditions Are Met" filed by Plaintiffs (Record Document 293) is **DENIED**.

**IT IS SO ORDERED**.

Shreveport, Louisiana, this 14th day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE