**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UTOPIA ENTERTAINMENT, ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is defendant Endurance Specialty Insurance Ltd.'s ("Endurance") Motion for Summary Judgment. (Record Document 109). The motion for summary judgment was referred to the Magistrate Judge for Report and Recommendation.

This Court has thoroughly reviewed the Report and Recommendation of the Magistrate Judge (Record Document 219), the objections and responses of the parties (Record Documents 245, 250, 251, & 269), applicable case law, and pertinent policy language in this case. The Court finds that the Magistrate Judge's analysis pertaining to personal jurisdiction was correct. Based on an independent review of the evidence before this Court, exercising personal jurisdiction over Endurance in this circumstance would not violate the Due Process Clause of the Fourteenth Amendment. Likewise, the Magistrate Judge's findings as to coverage of specific defendants, Claiborne Parish and Sheriff Kenneth Volentine, were correct, insomuch as the record evidence indicates that Claiborne Parish and Sheriff Volentine and his employees are insureds under the excess policies issued by Endurance. Hence, the Magistrate Judge was correct in recommending that summary judgment be denied on the aforementioned grounds.[1]

---

[1] Endurance also moved for summary judgment on the ground that Utopia is not entitled to damages because the alleged infringement began before the effective dates of the copyright registrations. In the Report and Recommendation, the Magistrate Judge

The Court now turns to Endurance's contention that summary judgment is proper as to its argument that none of the excess insurance policies it issued to the Louisiana Sheriffs' Law Enforcement Program Fund ("LSLEP") provide coverage for copyright infringement because copyright infringement does not qualify as a "personal injury,' as defined in the LSLEP Fund Agreement. The LSLEP Fund Agreement, and the excess policies issued by Endurance by reference, define personal injury as follows:

> "Personal injury" means false arrest, false imprisonment, wrongful detention, erroneous service of process, malicious prosecution, libel, slander, defamation of character, wrongful eviction, or deprivation of right (as further defined herein). "Deprivation of rights" means acts committed *under color of any statue, ordinance, regulation, custom or usage of any state or political subdivision* which subjects or causes to be subjected any person to the *deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States of America* (including but not by way of limitation 42 U.S.C. 1981 *et seq.*) or the State of Louisiana, whether a claim is made for monetary damages or not.

Exhibit A(2), p. 1 (emphasis added). Based on the aforementioned policy language, the issues before this Court are whether (1) the alleged copyright infringement was committed "under color of any statute, ordinance, regulation, custom or usage of any state or political subdivision," and (2) whether the alleged copyright infringement constitutes a "deprivation" of any right.

As to the first issue, the Magistrate Judge was correct in finding that the allegations in Utopia's complaint, asserting that multiple acts of infringement by Claiborne Parish Sheriff Kenneth Volentine and his employees while acting under color of state law, created

recommended that this Court's December 1, 2005 ruling on LaSalle's motion for summary judgment be amended to clarify that the ruling impliedly applied to Endurance's motion for summary judgment. This Court's December 1, 2005 ruling was so amended on December 22, 2005. (Record Documents 235 & 237).

genuine issues of fact regarding the manner and degree to which Sheriff Volentine and his employees used their authority under the law.  As to the second issue, this Court cannot concur with the findings of the Magistrate Judge and, accordingly, the Court will grant summary judgment in favor of Endurance, as the alleged copyright infringement in this case did not constitute a "deprivation" of any right so as to qualify as a "personal injury."

Endurance argued that its policy language was clearly intended to cover Title 42, United States Code, Section 1983 claims and Fourteenth Amendment claims.  Endurance also argued that Utopia's rights under the Copyright Act - the right to reproduce, distribute, and perform the copyrighted works - were not deprived.  Instead, Endurance contended that the alleged infringement merely violated Utopia's right to exclusive use of its intellectual property and therefore was not a personal injury under the policy language.

The Magistrate Judge disagreed and found that there is no distinction between "deprivation" and "violation."  Further, the Magistrate Judge reasoned that even if "personal injury" was limited to a literal deprivation and extinguishment of a right, the alleged copyright infringement would qualify, as Utopia was deprived of the exclusivity of its rights under the Copyright Act and therefore suffered a "personal injury."  Specifically, the Magistrate Judge stated:

> Given the broad language of the Endurance policy, Endurance's distinction between a violation and a deprivation of a right fails to exclude copyright infringement from the personal injuries that the LSLEP Fund Agreement and excess policies cover.  Again, summary judgment on this basis should be **DENIED**.

Record Document 219 at 15.

This Court is called to interpret "personal injury" and "deprivation of rights" as

contemplated in the LSLEP Fund Agreement, and the excess policies by reference.[2] And, in contrast to the findings of the Magistrate Judge, this Court finds that the common intent of the parties to the Endurance excess insurance policies was to insure against the typical deprivation of civil rights personal injury claims that are routinely asserted against sheriffs and their employees, not claims for copyright infringement. "The judicial responsibility in the interpretation of an insurance policy is the determination of the common intent of the parties." 15 H. Alston Johnson, III & William Shelby McKenzie, Louisiana Civil Law Treatise, Insurance Law and Practice § 4 (2d ed. 1996). Simply put, if there is ambiguity or doubt, the court must attempt to determine the common intent of the parties, considering, *inter alia*, the language of the contract in accordance with its general and popular use. See id. (citations omitted); La. C.C. Art. 2047.

This is simply not the appropriate case in which to classify copyright infringement as a personal injury, insomuch as it would appear to be the first such classification in the nation. Here, the parties to the Endurance excess insurance policies were sheriffs and an interlocal risk management agency run by the sheriff's association. Due to the identity of these parties, this Court finds that the use of the language "deprivation of rights" refers to a civil rights action. There should be no dispute that the general and popular use of the phrase "deprivation of rights" in the law enforcement community refers to a civil rights action. This is the only reasonable interpretation of the coverage granted by this provision in light of the identity of the parties and the policy as a whole. To expand the general and

---

[2]The parties involved in this case do not appear to dispute that the insurance policies at issue in this case are to be interpreted under Louisiana state law, as all parties have cited Louisiana Civil Code articles and Louisiana case law in their attempts to argue the proper interpretation of the various insurance policies at issue in this case.

popular use of the words "deprivation of rights" would be a perversion of the excess insurance policies. Simply put, this Court does not believe that the parties intended for the excess insurance policies to apply to intellectual property claims for damages for copyright infringement.

In addition to the aforementioned analysis regarding interpretation of the excess insurance policies, this Court finds the argument Endurance makes pertaining to the unique nature of property rights granted to a copyright holder in its objections to the Report and Recommendation to be somewhat persuasive. See Record Document 245 at 8-10. In the Report and Recommendation, the Magistrate Judge stated:

> At least in the context of § 1983, there is no distinction between "deprivation" and "violation," and there is nothing to suggest, in this case, that any meaningful distinction exists in the definition of "personal injury."

Record Document 219 at 14. However, Endurance points to a United States Supreme Court case, wherein the Court recognized that an infringer of a copyright does not deprive the copyright holder of its rights. See Record Document 245 at 9-10. In Dowling v. United States, 473 U.S. 207, 105 S.Ct. 3127 (U.S. 1985), the Court stated, in the context of the Copyright Act, that "the infringer invades a statutorily defined province guaranteed to the copyright holder alone. But he does not assume physical control over the copyright; nor does he wholly deprive its owner of its use." Dowling, 473 U.S. at 217, 105 S.Ct. at 3133. Based on this distinction, the Court finds further support for its conclusion that a copyright infringement is not a deprivation of a personal right such that Utopia sustained a personal injury in this case.

In conclusion, as to defendant Endurance Specialty Insurance Ltd.'s motion for summary judgment on the grounds that it provides excess insurance only to the Louisiana

Sheriffs' Law Enforcement Program Fund, not to Claiborne Parish or Sheriff Kenneth Volentine, and that personal jurisdiction does not exist over it, the Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, finding that the Magistrate Judge's Report and Recommendation is correct and that judgment as recommended therein is warranted.

As to defendant Endurance Specialty Insurance Ltd.'s motion for summary judgment on the grounds that the excess insurance policies issued to the Louisiana Sheriffs' Law Enforcement Program Fund do not provide coverage for damages resulting from copyright infringement, the Report and Recommendation of the Magistrate Judge having been considered, together with the written objections thereto filed with this Court, and, after a *de novo* review of the record, this Court declines to follow the Report and Recommendation of the Magistrate Judge. Instead, the Court finds that summary judgment in favor of Endurance Specialty Insurance Ltd. is appropriate, as the excess insurance policies issued to the Louisiana Sheriffs' Law Enforcement Program Fund by Endurance Specialty Insurance Ltd. do not provide coverage for damages resulting from copyright infringement.

Accordingly;

**IT IS ORDERED** that the Motion for Summary Judgment (Record Document 109) filed by defendant, Endurance Specialty Insurance Ltd., be and is hereby **GRANTED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of March, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE