# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UTOPIA ENTERTAINMENT, ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the Court are two Motions for Attorneys' Fees and Costs, the first filed by defendant LaSalle Management Company, L.L.C. ("LaSalle") and the second filed by defendant Endurance Specialty Insurance Ltd. ("Endurance"). See Record Documents 221 & 265. In their motions, both LaSalle and Endurance move the Court for an award of attorneys' fees and costs against plaintiff Utopia Entertainment, Inc. ("Utopia") for the fees and costs they incurred in connection with their defending against, and the Court's ultimate dismissal of, Utopia's claim for statutory damages under the Copyright Act. Utopia opposes both motions for attorneys' fees and costs. See Record Documents 268 & 282.

There is no dispute that this Court has determined, and Utopia has conceded, that there is no claim for statutory damages in this case. See Record Document 252. Likewise, there is no dispute that this Court has the discretionary power to award costs and attorneys' fees under the Copyright Act, as section 505 of the Act provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. The issue this Court must address in ruling on the instant motions for attorneys' fees and costs is one of timeliness, i.e., whether LaSalle's and Endurance's requests for attorneys' fees and costs are premature.

Despite the fact that the claim for statutory damages in this case has been dismissed, LaSalle remains a defendant as to the actual damages claim. Thus, as to LaSalle, this action has not yet been terminated and an award of attorneys' fees and costs, even if limited to the issue of statutory damages, would be premature. As to Endurance, while this Court acknowledges that Endurance has been dismissed from this action, a final judgment as contemplated by Federal Rule of Civil Procedure 54 has not been entered in this case. Thus, while Endurance can point to section 505 as the statute entitling it to attorneys' fees and costs, it can not "specify a judgment . . . entitling [it] to the award." F.R.C.P. 54(d)(2)(B). Rule 54(a) defines "judgment as used in these rules" as "a decree and any order from which an appeal lies." A review of the record reveal that no such judgment, decree or order has been entered in this case. Based on this reasoning, the Court finds that both motions for attorneys' fees and costs are premature. The motions for attorneys' fees and costs may be renewed at the appropriate time after a "judgment," as contemplated by Rule 54(a), has been entered in this matter.

Accordingly,

**IT IS ORDERED** that the Motion for Attorneys' Fees and Costs (Record Document 221) filed by defendant LaSalle Management Company, L.L.C. be and is hereby **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that the Motion for Attorneys' Fees and Costs (Record Document 265) filed by defendant Endurance Specialty Insurance Ltd. be and is hereby **DENIED AS PREMATURE**.

**IT IS FURTHER ORDERED** that both motions for attorneys' fees and costs may be renewed at the appropriate time pursuant to Federal Rule of Civil Procedure 54.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 25th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE