UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UTOPIA ENTERTAINMENT, ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH, ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court are two Magistrate Appeals (Record Documents 330 & 333) challenging the Magistrate Judge's denial of a Motion for Leave to File a Cross-Claim or Alternatively, Third Party Demand against Admiral Insurance Company ("Admiral") and Endurance Specialty Insurance, Ltd. ("Endurance"). The Magistrate Judge's July 3, 2007 electronic order stated:

> The defendants [Admiral and Endurance] sought to be added have already been dismissed from this action with prejudice following a motion for partial summary judgment.

Such dismissal occurred in March 2006 when the Court granted summary judgment in favor of Admiral and Endurance and dismissed both parties from this case, specifically finding that the insurance policies at issue did not cover the plaintiffs' claimed injuries. See Record Documents 295 & 296.

Despite the aforementioned dismissal, Steve Middleton, Kenneth Volentine, LaSalle Management, and Stacey Walker (hereinafter referred to as "Defendants") argue that the motion for leave should be granted on the grounds that the third party demand seeks a legal defense from Admiral and Endurance, their obligation to defend is greater than their obligation to pay any claim, and the parties are entitled to a determination of whether the insurers may have waived their right to deny the insured persons a legal defense and/or coverage. Defendants also contend that the motion for leave should be granted in the

interest of judicial economy.

After reviewing the record, namely the briefs filed by all parties in response to a minute entry order (Record Document 335), the Court finds that neither Admiral nor Endurance have a duty to defend in this instance and that no waiver occurred. "If, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, [then] the insurer must defend the insured regardless of the outcome of the suit." Rio Rouge Development Corp. v. Security First Nat. Bank, 610 So.2d 172, 174 (La.App. 3rd Cir. 1992). The Court must look to "whether the allegations of plaintiff's petition unambiguously exclude coverage. As long as a covered cause of action is alleged, a defense is owed." Id. at 176, citing American Home Assurance Co. v. Czarniecki, 230 So.2d 253 (La. 1969). Here, as stated in the summary judgment rulings, plaintiffs have alleged copyright infringement, not claims for bodily injury, property damage, or a civil rights violation as contemplated by the Admiral policy or claims for personal injury as contemplated by the Endurance policy. See Record Documents 295 & 296. Moreover, the Court finds nothing in the record indicating waiver on the part of Admiral or Endurance. In their reply brief, Defendants state that "for more than six (6) months after the initial complaint was served, the LSLEP [Louisiana Sheriffs' Liability Enforcement Program] paid for the legal defense of the defendants." Record Document 344 at 5. The LSLEP is a statutorily created interlocal risk management program which provides *primary liability insurance coverage* through the pooling of funds in an interlocal risk management pool funded and operated by its member sheriffs. Endurance issued two *excess policies* that provide coverage to the LSLEP. Thus, any waiver allegations pertaining to the LSLEP's actions for more than six months after the initial complaint was

served are relevant to the LSLEP, not Endurance.

Based on the foregoing, the Court finds that the Magistrate Judge's denial of the motion for leave was proper and the earlier dismissal with prejudice of Admiral and Endurance remains in place.

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's electronic order denying the Motion for Leave to File a Cross-Claim or Alternatively, Third Party Demand against Admiral Insurance Company and Endurance Specialty Insurance, Ltd. be and is hereby **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of September, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE