IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UTOPIA ENTERTAINMENT, INC., ET AL** | \* | **CIVIL ACTION NO. 03-1355** |
| **VERSUS** | \* | **JUDGE S. MAURICE HICKS** |
| **CLAIBORNE PARISH, ET AL** | \* | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to compel depositions.[1] (Docs. #347-350). The motions are opposed by plaintiffs Suave House, Inc. and Rap-A-Lot, Inc. (Doc. #357). For the reasons stated below, the motions to compel depositions are **DENIED**.

In the instant motions, defendants La Salle Management Company, L.L.C., Stacey Walker, Kenneth Volentine, and Steve Middleton ask this court to compel the depositions of Tony Draper and Red Jennings. Draper is an employee of plaintiff Rap-A-Lot, Inc. (Doc. #357, p.3). Jennings is an employee of plaintiff Suave House, Inc. *Id.* Neither Draper nor Jennings, however, is a party to this lawsuit. (Doc. #357, p.3). Accordingly, neither Draper nor Jennings is represented in this matter.

Counsel for the defendants scheduled depositions for several individuals,[2] including Draper and Jennings, to be taken on August 15, 2007, in Alexandria, Louisiana. (Doc. #347-9).

---

[1] As these are not motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

[2] The defendants did not seek to depose any of the companies that are parties to this case.

Counsel served notice of the depositions on each of the parties in this case. The defendants did nothing else to secure the presence of Draper or Jennings. Neither Draper nor Jennings was present at the time of their scheduled depositions. The defendants have filed the instant motions to compel Draper's and Jennings' depositions and to have the plaintiffs pay the costs thereof.

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 30 governs the taking of depositions. The Rule provides, for example, that a "deponent's attendance may be compelled by subpoena." F.R.C.P. 30(a)(1). The Rule also permits parties to "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity." F.R.C.P. 30(b)(6). When doing so, the party seeking to depose can use "notice or subpoena . . . and must describe with reasonable particularity the matters for examination." *Id.* Then, it is up to the named organization to designate the appropriate person to testify on its behalf. *Id.*

In this case, neither of the above procedures was followed by the defendants. They did not subpoena Draper or Jennings, nor did they notice a deposition of Rap-A-Lot, Inc. or Suave House, Inc., where the two are employed. Had the defendants sought to depose those corporations, the corporations would have had the option of providing the representative of their choice; they would not necessarily have been compelled to provide Draper and Jennings.[3] By merely serving notice upon all of the parties to this case, the defendants did not follow the proper procedure as set forth in F.R.C.P. 30; *see also El Salto, S.A. v. PSG Co.*, 444 F.2d 477 (9th Cir.

---

[3] In the motion to compel, the defendants refer to Draper and Jennings as "the plaintiffs' representatives." (Doc. #347, p.1). Federal Rule of Civil Procedure 30(b)(6), however, clearly dictates that the named organization can designate the individual of its choice to testify as its representative. Similarly, the defendants cite law supporting the proposition that "a plaintiff is required to make itself available for a deposition in the district in which the suit was commenced." (Doc. #347-2, p.7). This point is inapposite since neither Draper nor Jennings is a plaintiff in this case.

1971) (holding that "mere notice to attend [a deposition] is insufficient to compel the attendance of a person not a party; a subpoena is required."). Consequently, the undersigned will neither grant the instant motions to compel nor award costs and fees.

Finally, the plaintiffs note that "the deadline for discovery has now closed." (Doc. #357). However, given the allegation that plaintiffs apparently initially agreed to produce Jennings and Draper, and then later changed their position, upon motion, the undersigned will consider a request to extend the deadline for the purpose of deposing Draper and Jennings or for taking the corporate depositions of the plaintiffs.

For the reasons stated above, defendants' motions to compel depositions (Docs. #347-350) are **DENIED**.

**THUS DONE AND SIGNED** this 21st day of December, 2007, in Monroe, Louisiana.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE