IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UTOPIA ENTERTAINMENT, INC., ET AL** | * | **CIVIL ACTION NO. 03-1355** |
| **VERSUS** | * | **JUDGE S. MAURICE HICKS** |
| **CLAIBORNE PARISH, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the undersigned Magistrate Judge, on reference from the District Court, are motions to dismiss filed by defendants Steve Middleton (Doc. #369), Stacey Walker (Doc. #371), LaSalle Management Company, L.L.C. ("LaSalle") (Doc. #373), and Claiborne Parish Sheriff Kenneth Volentine (Doc. #389). The motions to dismiss are opposed by plaintiffs Rap-A-Lot, Inc. ("Rap-A-Lot"), Suave House, Inc. ("Suave House"), Par-La Records, L.L.C., and Warren Cotton d/b/a Ceiba Enterprises. (Doc. #391). For reasons stated below, it is recommended that the motions be **DENIED**.

**BACKGROUND**

The defendants[1] move to dismiss the amended complaint (Doc. #242) (hereinafter the "Complaint of Newly Joined Parties") that contains all of the claims brought against them by the plaintiffs.[2] The defendants seek dismissal on the grounds of improper service. *See* FED. R. CIV. P. 4, 5(a).

Suit was originally filed in this case in July 2003 and each of the defendants now seeking

---

[1] All reference to "the defendants" in this report and recommendation refer to the four defendants bringing the instant motions.

[2] All references to "the plaintiffs" in this report and recommendation refer to the four plaintiffs opposing the instant motions.

dismissal had entered the case by May 2004.[3] (*See* Docs. #1, #34).  The four plaintiffs filed a motion for joinder which was granted in August 2005.  Subsequently, on January 19, 2006, the plaintiffs filed a motion for leave to file the Complaint of Newly Joined Parties.  (Doc. #267).  Each of the four defendants opposed the plaintiffs' motion for leave to file.  (Docs. #284-86, #288).  Despite the opposition, this court granted the motion on March 29, 2006.  (Doc. #298).  The plaintiffs submit - and the defendants do not dispute[4] - that the initial complaint and all amending complaints alleged similar claims involving copyright infringement and unfair trade practices.  (Doc. #391, p.2 (citing Docs. #1, #34, #48, #203, #298)).  The defendants filed the instant motions to dismiss in January 2008.

Before the defendants filed the instant motions, however, discovery took place between several of the relevant parties.  According to the plaintiffs' memorandum in opposition, "LaSalle and Middleton directed discovery to the newly joined parties."  (Doc. #391, p.2).  Moreover, each of the defendants filed motions to compel depositions against Rap-A-Lot and Suave House in November 2007.  (Docs. #346-50).

In opposition to the instant motions, the plaintiffs dispute the defendants' contention that they failed to properly serve the Complaint of Newly Joined Parties.  The plaintiffs submit that they properly served the pleading on the defendants in two ways.  First, the plaintiffs sent copies

---

[3] The Complaint of Newly Joined Parties is not the only amended complaint filed in this case.  (Docs. #34, #48, #203).

[4] *See* Doc. #395, p.7.  The defendants do emphasize that each claim, while filed under the same Act, requires independent proof and is subject to independent affirmative defenses.  *Id.*

of the pleading to the attorneys of the defendants. (Doc. #298, p.9).[5] While only LaSalle expressly acknowledges receipt via mail (Doc. #373-1, p.5), none of the remaining defendants contend that the mailing did not take place. Second, notice of the complaint was sent to each party through the CM/ECF system. (Doc. #298). The notice of electronic filing indicates that notice was electronically mailed to the defendants' counsel.

## LAW AND ANALYSIS

The primary point of disagreement between the parties is whether service of the Complaint of Newly Joined Parties had to comply with Rule 4 or Rule 5 of the Federal Rules of Civil Procedure. The plaintiffs contend that the service needed only to comply with Rule 5, and submit that the service in fact complied with Rule 5. On the other hand, the defendants contend that the service needed to comply with Rule 4, and argue that it did not.

### I

Curiously, the parties agree that "an amended or supplemental complaint which includes a new claim must be served in the . . . manner provided . . . in Rule 4." (Doc. #391 (citing FED. R. CIV. P. 4, 5(a)).[6] This proposition is false, as it is an incomplete reading of Rule 5. Rule 5 governs the service of "pleadings and other papers," dictating both when the service must take place as well as how service can be effected.[7] The "general" rule is that all pleadings filed after the original

---

[5] *See also* Doc. #391, p.3 ("all attorneys of record . . . were sent a copy of the Complaint of Newly Joined Parties via US mail to their respective law firms.").

[6] While agreeing with this proposition, the plaintiffs claim that no new substantive claims were made in the Complaint of Newly Joined Parties.

[7] Rule 5 states, in relevant part,
(a) Service: When Required.
    (1) *In General*. Unless these rules provide otherwise, each of the following papers must be served on every party:

3

complaint must be served in compliance with Rule 5. FED. R. CIV. P. 5(a)(1)(B). However, "*If a Party Fails to Appear*" and a pleading asserts a new claim for relief against that party, the new claim must be served in compliance with Rule 4 instead. FED. R. CIV. P. 5(a)(2). Contrary to the parties' belief, the fact that a pleading contains a "new claim" is not dispositive. Rule 5 still controls unless the pertinent claim is alleged against a party in default. *Id.*

While this reading of Rule 5 is at odds with the parties' interpretation, it is consistent with the caselaw. The only court to have thoroughly considered the issue is the Ninth Circuit.[8] *See Employee Painters' Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). In *Employee Painters' Trust*, like in this case, the parties mistakenly believed that Rule 4 governed service of the amended complaint at issue. The court held, however, that "[a]n amended

---

. . .
      (B) a pleading filed after the original complaint, unless the court orders otherwise . . .
. . .
      (2) *If a Party Fails to Appear*. No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.

(b) Service: How Made.
. . .

[8] The issue in *Employee Partners' Trust* is arguably distinguishable because the amended complaint in *Employee Painters' Trust* did not contain the claims of newly joined plaintiffs. There is no indication in that opinion, however, that this should constitute a distinction with a difference. *See Employee Painters' Trust*, 480 F.3d at 999 ("[a]n amended complaint *need only be served in the manner provided by Rule 4 when*" both elements of Rule 5(b) are satisfied.) (emphasis added); *see also Fluor Engineers & Constructors, Inc.*, 753 F.2d at 449 ("The purpose of [Rule 5 is] to facilitate the pleadings process by permitting service on attorneys of record rather than the individual litigants once the parties are before the court"). By using the strong language "only . . . when," the *Employee Painters' Trust* court seems to have foreclosed the possibility that there are other exceptions that would bring an amended complaint under Rule 4. Indeed, the undersigned would disagree with any contention that the distinction should affect the applicability of Rule 5 in this matter.

complaint clearly is 'subsequent to the original complaint' and thus falls squarely within the provisions of Rule 5." *Id.* at 999 n.6. The court further held that "[a]n amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' *and* (2) the 'pleadings assert new or additional claims for relief.'" *Id.* at 999. Since the defendants were not in default in *Employee Painters' Trust*, the court found it to be "immaterial whether or not the amended complaint asserted 'new or additional claims.'" *Id.* (citing 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1144 (3d ed. 2002) (noting that, "by appearing in the action the party . . . may become vulnerable to service of claims for new or additional relief under the relatively informal methods set out in Rule 5(b)")).

Although the Fifth Circuit has not considered this issue to the extent the Ninth Circuit did, its language has been consistent with the Ninth Circuit's interpretation of Rule 5. For example, in *Fluor Engineers & Constructors, Inc. v. Southern Pacific Transportation Co.*, the Fifth Circuit evaluated the sufficiency of service of a cross-claim. 753 F.2d 444, 449 (5th Cir. 1985). The court explained

> that Rule 5(a) service is proper only after a party has appeared in an action. The purpose of [Rule 5], to facilitate the pleadings process by permitting service on attorneys of record rather than the individual litigants once the parties are before the court, cannot be fulfilled until a litigant has appeared and established an attorney of record. We note that **the rule requires service of "new or additional claims for relief" asserted against parties in default for failure to appear to be accompanied by a Rule 4 summons.** Parties who have not yet appeared to defend an action ought to be afforded the same notice for new or additional claims such as the cross-claim asserted here . . .

*Id.* It is telling that the *Fluor Engineers & Constructors, Inc.* court did not conclude that the

service of all cross-claims must be served in compliance with Rule 4.[9] Instead, the court emphasized that the party's prior appearance (or lack thereof) is dispositive as to whether Rule 4 or Rule 5 governs the service. *See id.*; *see also Waters v. Farmers Tex. County Mut. Ins. Co.*, 9 F.3d 397, 399 (5th Cir. 1993) ("Fed. R. Civ. P. 5(a) provides that any pleading asserting a new or additional claim **against a party in default for failure to appear** must be served pursuant to Fed. R. Civ. P. 4." (emphasis added)).

The defendants cite a single district court case in support of their contention that Rule 4 governed the service of the Complaint of Newly Joined Parties. *E.g.* Doc. #373-1, p.2. The case upon which the defendants rely, however, supports the interpretation asserted above. In *National Development Co. v. Triad Holding Corp.*, the court held that the party raising a new claim in its supplemental complaint had to provide service in the manner provided in Rule 4. 131 F.R.D. 408, 413 (D.N.Y. 1990). The supplemental complaint in *National Development Co.*, however, was filed after the defendant had failed to appear in the action arising from the original complaint. *Id.* at 410 (further stating that a default judgment had been entered against the defendant). Consequently, *National Development Co.* is consistent with the cases cited above; the court required service in compliance with Rule 4 because there were new claims *and* a party was in default. *Id.*

The plaintiffs cite a different district court case that they feel supports the proposition that Rule 4 applies to all amended complaints containing new claims. Like the case cited by the defendants, the plaintiffs' case also supports this court's interpretation of Rule 5. In *Beckham v.*

---

[9] This point further weakens the argument discussed *supra* in note 7. The defendants rely on the fact that "the Complaint of Newly Joined Parties was, in essence, an original complaint made by new plaintiffs." (Doc. #395, p.3). From a policy perspective, it is not clear why an amended complaint by a newly joined plaintiff would require more formal service than would a cross-complaint. Moreover, as discussed, the text of Rule 5 controls.

*Grand Affair of North Carolina, Inc.*, the court explained that the "Defendant apparently is correct in asserting that the Amended Complaint, which incorporated a new theory of liability, should have been served on Defendant, rather than its attorney, as provided in FED. R. CIV. P. 4." 671 F. Supp. 415, 418 (W.D.N.C. 1987). Once again, however, the defendant had not yet answered the original complaint, and (it seems) had not yet made an appearance.[10] Consequently, the *Beckham* court's conclusion is consistent with the cases cited above. *See Fluor Eng'rs & Constructors, Inc.*, 753 F.2d at 449 (holding that parties who have not yet appeared to defend an action must be served in compliance with Rule 4).

    Having identified the two elements that, when present, require Rule 4 service, it is now necessary to reconsider the facts of the instant case. With regard to the first element – whether there are new claims pleaded – the parties are in disagreement. This court need not settle that dispute, however, as review of the second element is dispositive. None of the four defendants in this case was in default for failure to appear at the time the Complaint of Newly Joined Parties was filed. Similarly, this litigation has been pending for over four years; none of the defendants now contends that this court has yet to exercise personal jurisdiction over them.[11] Since the second element is not met, Rule 5(a)(2) does not require the service to have been made in

---

[10] The fact that the *Beckham* court's conclusion was based in part on the defendant's theretofore absence can be verified by examination of the case upon which *Beckham* relied. *See Beckham*, 671 F. Supp. at 418 (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977)). In *Vesco*, the Second Circuit concluded that an amended complaint had to be served personally on the defendant in compliance with Rule 4. *Id.* The defendant in *Vesco* had already failed to appear and the amended complaint asserted new claims for relief. *Id.* at 668. Hence, in *Vesco* both of the Rule 5(a)(2) elements were present, which required service in compliance with Rule 4. This court's analysis of *Beckham* and *Vesco* is consistent with that of at least one other court to have considered the cases. *See Steiner v. Steiner*, 620 N.E.2d 152, 158 (Ohio Ct. App. 1993).

[11] The defendants' involvement in the litigation is evidenced in numerous documents. *E.g.* Docs. #4, #6, #7, 23, #40, #43, #68, #96, #153, #154, #168, #170, #191.

compliance with Rule 4. Nor did the court, pursuant to Rule 5(a)(1)(B) order the plaintiffs to serve the Complaint of Newly Joined Parties in accordance with the demands of Rule 4. As a result, the plaintiffs' service was proper if it complied with Rule 5.

## II

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia De Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). Accordingly, it is the plaintiffs' burden to show they served the Complaint of Newly Joined Parties consistent with the dictates of Rule 5(b). Rule 5(b) allows service to be made in the following ways:

> (1) *Serving an Attorney*. If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.
> (2) *Service in General*. A paper is served under this rule by:
> . . .
>    (C) mailing it to the person's last known address--in which event service is complete upon mailing;
> . . .
>    (E) sending it by electronic means if the person consented in writing--in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> . . .
> (3) Using Court Facilities. If a local rule so authorizes, a party may use the court's transmission facilities to make service under Rule 5(b)(2)(E).

In this case, the plaintiffs aver that they served copies of the Complaint of Newly Joined Parties, by mail, upon the counsel of record for each of the four defendants. As has been noted, LaSalle acknowledges receipt and none of the other three defendants denies that the copies were mailed. The plaintiffs' mailing constituted valid service under Rule 5. FED. R. CIV. P. 5(b)(1), 5(b)(2)(C); *Greenwich Ins. Co. v. Goff Group, Inc.*, 159 Fed. App'x 409, 411 (3d Cir. 2005); *Employee Painters' Trust*, 480 F.3d at 999; *Raimond v. United States*, 2004 U.S. Dist. LEXIS 5009, at *2 (W.D.N.Y. Mar. 25, 2004); *Brooks v. Alameida*, 2007 U.S. Dist. LEXIS 64007, at

*6-7 (E.D.Cal. Aug. 16, 2007). Hence, the plaintiffs properly served the defendants with the Complaint of Newly Joined Parties.

For the reasons stated above, it is recommended that the defendants' motions to dismiss (Docs. #369, #371, #373, and #389) be **DENIED**. Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of January, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE