**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UTOPIA ENTERTAINMENT, INC., ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH THROUGH ITS SHERIFF KENNETH VOLENTINE | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Motion to Strike, or, in the Alternative, For Partial Summary Judgment (Record Document 358) filed by Defendant LaSalle Management Company, L.L.C. ("LaSalle"). The motion was also adopted by Defendants Steve Middleton and Claiborne Parish Sheriff Kenneth Volentine. See Record Documents 361 & 362. Plaintiff Utopia Entertainment, Inc. ("Utopia") opposed the motion and also sought reconsideration of the Court's prior ruling of its entitlement to statutory damages. See Record Document 366. For the reasons which follow, the Motion for Partial Summary Judgment is **GRANTED** and all of Utopia's claims for statutory damages and attorney's fees are **DISMISSED WITH PREJUDICE**.[1]

**I.   BACKGROUND.**[2]

Utopia alleged that "the copyright violation in this case occurred when [its] sound recordings [were] duplicated and sold through a project being conducted at the Claiborne

---

[1] The Court considered the instant motion as a motion for partial summary judgment, not a motion to strike.

[2] LaSalle filed a Statement of Uncontested Facts in support of its Motion for Partial Summary Judgment. See Record Document 358-4. Utopia contested only two of those facts. See Record Document 366-2 at 3. Accordingly, the Court has adopted much of LaSalle's Statement of Uncontested Facts for use in the Background section of the instant Memorandum Ruling.

Parish Detention Center ("CPDC"), referred to internally as the 'Inmate Welfare Audio Duplication Service.'" Record Document 366-2, ¶ 7. Utopia specifically alleged that three compact discs ("CDs") were copied: "Toot"; The Blazing Bayous' "A Southern Rap Classic"; and Lil Domicci's "Crystalizing." See Record Document 1.

Utopia claimed that the sound recording of "Toot" was first published on April 15, 1998; the sound recording of "A Southern Rap Classic" was first published on September 24, 1997; and the sound recording of "Crystalizing" was first published on April 30, 2003. See Record Document 358-4, ¶¶ 2-4. Utopia obtained copyright registration for the three CDs from the United States Copyright Office on June 10, 2003, the effective date for each registration. See id., ¶ 5. The Inmate Welfare Fund's records reveal that inmates of the CPDC allegedly sold copies of the sound recordings of the three CDs on the following dates:

**"Toot"** - October 25, 2002, October 27, 2002, November 2, 2002, and November 3, 2002.

**"A Southern Rap Classic"** - November 2, 2002, November 3, 2002, November 6, 2002, November 23, 2002, February 15, 2003, and April 9, 2003.

**"Crystalizing"** - December 8, 2002.

Id., ¶¶ 7-9. The copying of the CDs occurred immediately after the sales were made and/or within one or two days of the sale. See id., ¶ 10.

In its Third Amending and Supplemental Complaint, Utopia alleged both actual and statutory damages. See Record Document 203. Yet, on November 15, 2005, Utopia filed a Post Hearing Memorandum and conceded that it did not have a claim for statutory damages. See Record Document 197 at 2. Subsequently, on December 1, 2005, the

Court issued a Memorandum Order granting summary judgment in favor of LaSalle as to Utopia's statutory damages claim. See Record Document 212 at 2. The Court held that Utopia's could still pursue its claim for actual damages. See id.

Based on Utopia's concession, the Court's 2005 ruling, and applicable statutes and case law, Defendants have now moved for partial summary judgment as to Utopia's claim for attorney's fees, which generally correlates with a claim for statutory damages. See Record Documents 358, 361, 362. Utopia opposed the motion for partial summary judgment and also asked the Court to reconsider its prior ruling of Utopia's entitlement to statutory damages. See Record Document 366. Defendants opposed the motion to reconsider. See Record Documents 385-388.

## II.     LAW AND ANALYSIS.

### A.     Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go

beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

**B.    Copyright Law.**

Title 17, United States Code, Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. Section 505 is subject to Title 17, United States Code, Section 412, which states:

> In any action under this title, . . . no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for –
>
> (1)    any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2)    any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412.

The Fifth Circuit has also interpreted Section 412 and addressed the propriety of statutory damages and attorney's fees. In Mason v. Montgomery Data, Inc., 967 F.2d 135 (5th Cir. 1992), the plaintiff sought statutory damages rather than actual damages. See id. at 142. Relying on Section 412, the district court held that an award of statutory

damages and attorney's fees was precluded. See id. at 142-143. On appeal, the plaintiff argued that Section 412 "allow[ed] him to recover statutory damages and attorney's fees for any infringement that the defendants commenced after he registered the copyrights, even though they commenced other, separate infringements of the same work prior to registration." Id. at 143. The Fifth Circuit affirmed the district court's grant of partial summary judgment on the issue of statutory damages and attorney's fees:

> We thus conclude that a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration.

Id. at 144.

Relying on Section 412 and controlling case law, Defendants argue that all of the works that are the subject of Utopia's claim for copyright violation were either unpublished at the time of the alleged infringement or the infringement commenced after first publication of the work, but before the effective date of the registration. The Court will look at each of the three CDs individually to determine the applicability of Section 412.

### 1. "Toot."

Utopia claimed that the sound recording of "Toot" was first published on April 15, 1998 and the effective date of its registration was June 10, 2003. The Inmate Welfare Fund's records reveal that inmates of the CPDC allegedly sold copies of the sound recordings of "Toot" on October 25, 2002, October 27, 2002, November 2, 2002, and November 3, 2002.

Section 412(2) controls in this instance. The statute provides that no award of statutory damages or of attorney's fees shall be made for any infringement of copyright

commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. Here, the alleged infringements occurred in 2002, after first publication in 1998 and before registration in 2003. Moreover, registration, which occurred in 2003, was not made within three months after first publication, which occurred in 1998. Accordingly, Section 412(2) prohibits an award of statutory damages or attorney's fees.

### 2. "A Southern Rap Classic."

Utopia claimed that the sound recording of "A Southern Rap Classic" was first published on September 24, 1997. The effective date of its registration was also June 10, 2003. The Inmate Welfare Fund's records reveal that inmates of the CPDC allegedly sold copies of the sound recordings of "A Southern Rap Classic" on November 2, 2002, November 3, 2002, November 6, 2002, November 23, 2002, February 15, 2003, and April 9, 2003.

Again, Section 412(2) controls in this instance. The alleged infringements occurred in November 2002 and February and April 2003, after first publication in 1997 and before registration in June 2003. Moreover, registration, which occurred in June 2003, was not made within three months after first publication, which occurred in 1998. Accordingly, Section 412(2) prohibits an award of statutory damages or attorney's fees.

### 3. "Crystalizing."

Utopia claimed that the sound recording of "Crystalizing" was first published on April 30, 2003. Utopia obtained copyright registration for this CD on June 10, 2003. The Inmate Welfare Fund's records reveal that inmates of the CPDC allegedly sold copies of the sound

recordings of "Crystalizing" on December 8, 2002.

Pursuant to Section 412(1), neither statutory damages nor attorney's fees are available for the alleged copyright infringement relating to "Crystalizing." Section 412(1) provides that no award of statutory damages or of attorney's fees shall be made for any infringement of copyright in an unpublished work commenced before the effective date of its registration. At the time the alleged infringement took place on December 8, 2002, the sound recording of "Crystalizing" had not been published (April 30, 2003) or registered with the copyright office (June 10, 2003). Accordingly, Section 412(1) prohibits an award of statutory damages or attorney's fees.

### III. CONCLUSION.

The Court finds that Title 17, United States Code, Section 412 prohibits the award of statutory damages and attorney's fees in this matter. Accordingly, the Motion to Strike, or, in the Alternative, For Partial Summary Judgment (Record Document 358) filed by LaSalle and adopted by Defendants Steve Middleton and Claiborne Parish Sheriff Kenneth Volentine (Record Documents 361 & 362) is **GRANTED**. All of Utopia's claims for statutory damages and attorney's fees are **DISMISSED WITH PREJUDICE**. Further, the Motion to Reconsider (Record Document 366) filed by Utopia is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of July, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE