**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UTOPIA ENTERTAINMENT, INC., ET AL. | CIVIL ACTION NO. 03-1355 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CLAIBORNE PARISH THROUGH ITS SHERIFF KENNETH VOLENTINE | MAGISTRATE JUDGE HAYES |

**MEMORANDUM RULING**

Before the Court is a Motion in Limine (Record Document 405) filed by Defendant LaSalle Management Company, L.L.C. ("LaSalle") and a Motion for Summary Judgment (Record Document #380) filed by Plaintiffs Rap-A-Lot Records ("Rap-A-Lot"), Suave House, Inc. ("Suave House"), Par-La Records, L.L.C. ("Par-La"), and Warren Cotton d/b/a Ceiba Enterprises ("Warren Cotton").[1]  The Motion in Limine is unopposed and the Motion for Summary Judgment is opposed by all Defendants.[2]  For the reasons which follow, the Motion in Limine is **GRANTED IN PART AND DENIED IN PART** and the Motion for Summary Judgment is **DENIED**.

**I.   BACKGROUND.**

Plaintiffs are owners of copyrights to various sound recordings and musical compositions.  Pursuant to state statute, the Claiborne Parish Detention Center ("CPDC") maintained an Inmate Welfare Fund ("IWF"),which was established exclusively for the benefit of CPDC's inmates.  In an effort to generate funds for the IWF, inmates of CPDC, allegedly with certain Defendants' assistance and instruction, copied over 3,000 musical

---

[1]Plaintiff Utopia Entertainment, Inc. did not move for summary judgment on the issue of liability.

[2]The remaining Defendants are LaSalle, Warden Steve Middleton, Claiborne Parish Sheriff Kenneth Volentine, and Stacey Walker.

selections that were later distributed and sold throughout the prison either as tapes or compact discs ("CDs"). This copying and distribution occurred between May 2002 and July 2003. Plaintiffs own copyrights to a small portion of the musical selections that were allegedly copied.

## II.  LAW AND ANALYSIS.

### A.  Motion in Limine.

LaSalle requests that the following evidence be excluded from the summary judgment record and at the trial of this matter:

1.  IWF Audio Duplication Service documents;

2.  In the alternative, any and all IWF documents not referencing one of the Plaintiffs;

3.  All CDs and tapes secured from inmates; and

4.  In the alternative, any and all CDs and tapes secured from inmates, not referencing the works of one of the Plaintiffs.

Record Document 405 at 1. Again, the Motion in Limine is unopposed.

Specifically, Defendants challenge the IWF documents on hearsay and relevancy grounds. Defendants further contend that the IWF documents are not business records falling within the hearsay exception set forth in Federal Rule of Evidence 803(6). As to relevancy, the Court agrees that only the IWF documents referencing the works of one of the Plaintiffs are relevant to the instant proceeding. See Record Document 405-2 at 16-19. The hearsay challenge to such records is **deferred to the trial on the merits**. At that time, the Court will determine whether "the source of information or the method or circumstances of preparation indicate lack of trustworthiness" and is specifically interested in the trial

testimony of Bo Fain as it relates to trustworthiness and foundation. F.R.E. 803(6). Accordingly, LaSalle's request for all IWF Audio Duplication Service documents to be excluded is **DENIED**, but its alternative request to exclude any and all IWF documents not referencing one of the Plaintiffs is **GRANTED**.

LaSalle also challenges the admissibility of the CDs and tapes which were secured after the IWF activities were stopped on hearsay, authenticity, foundation, and relevancy grounds. Again, as to relevancy, the Court agrees that only the CDs and tapes referencing the works of one of the Plaintiffs are relevant to the instant proceeding. The hearsay, authenticity, and foundational challenges to the fifteen CDs that reference works of one of the Plaintiffs are **deferred to the trial on the merits**. At that time, the Court will determine if Bo Fain, or any other witness or evidence, can establish the requisite foundation and authenticate the CDs. Accordingly, LaSalle's request for all CDs and tapes secured from inmates to be excluded is **DENIED**, but its alternative request to exclude any and all CDs and tapes secured from inmates that do not reference the works of one of the Plaintiffs to be is **GRANTED**.[3]

B.  **Motion for Summary Judgment.**

1.  **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil

---

[3]LaSalle has filed a second Motion in Limine (Record Document 418), which was adopted by all other Defendants (Record Documents 419-421). This second motion will be discussed and ruled on during the pretrial conference set for July 31, 2008. The Court notes that there are great overlaps between the two motions in limine and the parties shall be prepared to discuss which portions of the second motion are mooted in light of the instant ruling.

Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Littlefield v. Forney Indep. Sch. Dist., 268 F.3d 275, 282 (5th Cir. 2001). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Alton v. Tex. A&M Univ., 168 F.3d 196, 199 (5th Cir. 1999).

### 2. Liability.

Plaintiffs Rap-A-Lot, Suave House, Par-La, and Warren Cotton argue that there is no genuine issue as to any material fact that they are owners of copyrighted musical selections which were infringed by Defendants. Specifically, Plaintiffs Rap-A-Lot, Suave House, Par-La, and Warren Cotton contend that Defendants are liable for either vicarious infringement or contributory infringement depending upon the secondary parties' knowledge of the infringing activity. See Record Document 413 at 2.

The Court finds that there are genuine issues of material fact that preclude summary judgment on the issue of liability. While it is clear that copying occurred in this case, there

are genuine issues of fact relating to whether some of the copying in this case was actually infringement, as compared to the fair use allowed to an owner of a recording. There are also genuine issues of material fact relating to multiple defenses asserted by Defendants: knowledge of attorney imputed to clients, equitable estoppel, implied license, fair use, and waiver. Further, this Court has previously ruled that a limited number of IWF documents making reference to Plaintiffs may be introduced, and challenged by Defendants, at the bench trial of this matter. There are factual inconsistencies which preclude summary judgment because certain portions of those documents conflict with the deposition testimony of inmate Bo Fain, who is expected to testify at trial. Such factual inconsistencies can only be resolved at bench trial by the finder of fact. Pursuant to their burden under Littlefield, Defendants have gone beyond the pleadings and designated specific facts showing that there are genuine issues for trial relating to both liability and defenses. See Littlefield, 268 F.3d at 282. Accordingly, summary judgment must be denied.

## III. CONCLUSION.

Based on the foregoing, the Motion in Limine is **granted** as to LaSalle's alternative request to exclude any and all IWF documents not referencing one of the Plaintiffs and to exclude any and all CDs and tapes secured from inmates that do not reference the works of one of the Plaintiffs. The Motion is Limine is **denied** as to LaSalle's request for all IWF Audio Duplication Service documents to be excluded and for all CDs and tapes secured from inmates to be excluded. The Motion for Summary Judgment filed by Rap-A-Lot,

Suave House, Par-La, and Warren Cotton is **denied**, as there are genuine issues of material fact which must be resolved at trial.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of July, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE